13-4051-cv
*Faktorovich v. Memorial Sloan Kettering Cancer Center*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand fourteen.

PRESENT:
>       DEBRA ANN LIVINGSTON,
>       CHRISTOPHER F. DRONEY,
>               *Circuit Judges,*
>       ALISON J. NATHAN,*
>               *District Judge.*

_____

Lyubov Faktorovich,

>                       *Plaintiff-Appellant,*

>       v.                                              13-4051-cv

Memorial Sloan-Kettering Cancer Center,

>                       *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**          Lyubov Faktorovich, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**           Terri L. Chase, Jones Day, New York, NY.

---

*Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Lyubov Faktorovich brought an action against her former employer, Memorial Sloan-Kettering Cancer Center ("Sloan-Kettering"), alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. In her charge of discrimination to the Equal Employment Opportunity Commission ("EEOC"), Faktorovich claimed that, after she made (unspecified) critical comments about her supervisor in a survey, the supervisor retaliated by discriminating against her on the basis of her religion and disability. In her complaint in the district court, she alleged that, after her supervisor learned of her survey comments, she faced retaliation and discrimination on the basis of her national origin. Aside from the allegation about the survey, there were no further similarities between the claims in Faktorovich's EEOC charge and in her federal complaint. The district court dismissed her complaint for failure to exhaust her administrative remedies. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

The district court did not err in dismissing Faktorovich's complaint for failure to exhaust administrative remedies because the claims raised in Faktorovich's complaint were not reasonably related to the claims in her EEOC charge. *See Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001) (holding that a "federal court generally lacks jurisdiction to adjudicate [a] claim" unless the "claim is 'reasonably related' to those that the plaintiff did assert before the agency"). Faktorovich's claim of national-origin discrimination was not alleged in her original EEOC charge. Her claim of retaliation in her prior EEOC charge was also not adequate to notify the agency that she may have been retaliated against based on her claims of national-origin discrimination.

In its order, the district court stated that, in her EEOC charge, Faktorovich alleged retaliation arising from her complaint of religious discrimination to a supervisor. The district court might have inferred that this was the basis of her retaliation claim in the EEOC charge because the other bases for discrimination in her EEOC charge were religion and disability. But Factorovich did not specify the basis for her retaliation claim. In her EEOC charge, Faktorovich stated only that the supervisor retaliated against her after she learned of Faktorovich's unspecified comments in the survey. She did not state in her EEOC charge or in her complaint what those comments were, and there is no indication that she complained of religious discrimination to a supervisor.

Despite the district court's misstatement, it properly held that the claims raised in Faktorovich's complaint were not reasonably related to the claims in her EEOC charge. *See Fitzgerald*, 251 F.3d at 359-60 ("A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow

3

out of the charge that was made." (citation and internal quotation marks omitted)). Although Faktorovich alleged retaliation arising out of her comments on the survey in both her EEOC charge and in her federal complaint, the factual similarities end there. Before the EEOC, Faktorovich alleged that her supervisor retaliated by discriminating against her based on her religion and perceived mental disability – for instance, by refusing to give her time off for Jewish holidays and ordering her to undergo a psychiatric evaluation. In her federal complaint, however, Faktorovich alleges that after hearing of her survey comments, the supervisor retaliated against her on the basis of her Belorussian national origin by, *inter alia*, commenting on her poor English skills.

Because there is nothing in Faktorovich's EEOC charge that would have put the agency on notice that she was alleging discrimination on the basis of her national origin, the EEOC cannot reasonably have been expected to investigate whether she was retaliated against based on her claims of discrimination based on national origin. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4